IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-10244-01-WEB |
| | ) | |
| PETER PAUL AMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### **Memorandum and Order**

The defendant Peter Paul Aman pled guilty to one count of unlawful receipt or distribution of visual depictions of minors engaging in sexually explicit conduct, contrary to 18 U.S.C. § 2252(a)(2), and one count of criminal forfeiture. The matter came before the court on April 6, 2005, for a hearing on the defendant's objections to the Presentence Report and for sentencing. The court ruled orally on the defendant's objections at the sentencing hearing. This written memorandum will supplement the court's oral ruling regarding the objections.

1. *Objection to 15-year mandatory minimum sentence under 18 U.S.C. § 2252(b)(1).*

The defendant first objects to the PSR's finding that he is subject to a 15-year mandatory minimum sentence under 18 U.S.C. § 2252(b)(1). The PSR alleges that the defendant has a prior conviction in Georgia for Sexual Exploitation of a Child (¶39 of the PSR), and that the prior conviction gives rise to the enhanced penalty of § 2252(b)(1) because it involved the possession of child pornography. Defendant

asserts that his prior conviction was for a single misdemeanor,[1] and he argues it does not warrant the imposition of a 15-year sentence in this case.

Section 2252(b)(1) provides in part that the 15-year mandatory minimum sentence applies if the defendant has a prior conviction "under the laws of any State relating to ... the ... possession ... of child pornography." Because this provision by its clear terms is not limited to prior *felony* convictions, the assertion that the defendant's prior conviction was only a misdemeanor would not make any difference insofar as application of the enhancement is concerned. Moreover, the defendant was convicted under OCGA § 16-12-100(b)(8), which provided that it was unlawful for "any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." *See Aman v. State of Georgia*, 409 S.E.2d 645 (Ga. 1991) (upholding defendant's conviction). As shown by the journal entry of judgment and the charging documents, in finding the defendant guilty the Georgia trial court necessarily found that the defendant knowingly possessed materials depicting minors engaged in sexually explicit conduct. *See Govt. Exhs. 1-5. Cf. Shepard v. United States*, 125 S.Ct. 1254 (2005) (in determining the character of a prior burglary conviction for purposes of applying enhancements in the Armed Career Criminal Act, the court may examine the statutory definition of the prior offense, the charging document, and -- in the case of a bench trial -- the trial judge's formal rulings of law and findings of fact). As defendant concedes, this factual predicate necessarily establishes that his offense was one relating to the possession of child pornography As such, the court must conclude that the 15-year

---

[1] Although the defendant was initially found guilty of multiple violations of OCGA § 16-12-100(b)(8), in a subsequent habeas proceeding it was determined that his actions constituted a single violation of the statute. *See* Govt. Exh. 5.

2

mandatory minimum penalty applies to the defendant's conviction under 18 U.S.C. § 2252(a)(2). Accordingly, defendant's objection is denied.

The court notes that at one point during the sentencing hearing the defendant referred to the Cruel and Unusual Punishments Clause of the Eighth Amendment, although he did not assert any claim that his sentence was unconstitutional. At any rate, such a claim would be unavailing here. The mandatory sentence decreed by Congress for this type of offense, which is based in part on a Congressional determination that such punishment serves a compelling governmental interest in protecting children from sexual abuse and in reducing the market for sexual exploitation of children, cannot be said to be cruel and unusual, particularly in view of the fact that this is a recidivist statute. *Cf. Ewing v. California*, 538 U.S. 11, 23-25 (2003) (Eighth Amendment only forbids extreme sentences that are "grossly disproportionate" to the crime; sentence of 25 years to life for theft of three golf clubs, which was based on "three strikes" law, was not cruel and unusual punishment). *See also id*. at 25 (States have a valid interest in deterring and segregating habitual criminals; recidivism has long been recognized as a basis for increased punishment). *See also Hamelin v. Michigan*, 501 U.S. 957, 1009 (1991) (Kennedy, J., concurring) (life sentence without the possibility of parole for a first-time offender convicted of possessing 650 grams of cocaine was not grossly disproportionate).

    2. *Remaining Objections*.

The defendant has filed other objections to the Presentence Report as well, including challenges to offense-level adjustments for distributing materials involving sexual exploitation of a child and possessing materials portraying sadistic or masochistic conduct. In view of the court's ruling above that the 15-year mandatory minimum sentence applies, however, the court need not rule on defendant's remaining objections,

because those matters will not be taken into account and will not affect the sentence. *See* Fed.R.Crim.P. 32(i)(3)(B). Accordingly, the remaining objections will be denied as moot.

3. *Conclusion*.

Defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this __7th__ Day of April, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge