IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Crim. Case No. 6:04-cr-10244-JTM
                                         Civil Case No.  6:17-cv-01001-JTM

PETER PAUL AMAN,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Peter Aman's motion under 28 U.S.C. § 2255 to vacate his sentence (Dkt. 58), and on the Government's motion to dismiss the § 2255 motion pursuant to a waiver in the plea agreement. (Dkt. 59). For the reasons stated herein, the Government's motion will be granted and defendant's motion will be dismissed.

**I. Background.**

In 2005, defendant pled guilty to a charge of unlawful receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), and was sentenced by the Hon. Wesley E. Brown to 180 months imprisonment. Dkt. 31. Defendant filed a direct appeal, but the appeal was dismissed by the Tenth Circuit based upon a waiver of appeal rights in the defendant's plea agreement. Dkt. 55.

On January 3, 2017, over ten years later, defendant filed his § 2255 motion. The motion argues that an amendment to the U.S. Sentencing Guidelines pertaining to

distribution of child pornography requires that his sentence be vacated. Dkt. 58 at 1. The motion also alludes to recent cases such as *Johnson v. United States*, 135 S.Ct. 2551 (2015), which found a provision of the Armed Career Criminal Act to be unconstitutionally vague, and argues that defendant's conviction and sentence are unlawful because the statutory and guideline provisions punishing distribution of child pornography were similarly vague. Defendant also appears to argue there was insufficient evidence to support his conviction and/or sentence.

The Government points out that defendant's plea agreement included a waiver of any right to challenge the conviction or sentence in any collateral attack, including in a motion brought under § 2255. Dkt. 59 at 2; Dkt. 18 at 6. The Government argues that the factors relating to validity of a waiver are satisfied here. Dkt. 59 at 3-4 (*citing United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004)). It accordingly moves to enforce the waiver and to dismiss the motion.

**II. Discussion.**

The enforceability of a collateral attack waiver is determined under the test outlined in *Hahn, supra*. That test looks at whether the defendant's collateral attack falls within the scope of the waiver, whether the defendant knowingly and voluntarily waived his right to collateral attack, and whether enforcement of the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. An examination of these factors shows that defendant's waiver is enforceable.

<u>*Scope of the waiver*</u>. Defendant's current challenge is within the scope of the waiver. As part of his plea agreement, defendant "voluntarily waive[d] any right to …

2

collaterally attack any matter in connection with this prosecution, conviction and sentence," including "any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack…." Dkt. 18 at 5-6. The waiver specifically included a § 2255 motion (with one exception discussed below) and a motion under 18 U.S.C. § 3582(c)(2). Arguments that defendant's conviction and sentence were not supported by evidence, that the applicable provisions were impermissibly vague, that those same provisions were misapplied, or that defendant's guideline range has been subsequently lowered by the Sentencing Commission and therefore warrants a reduction in his sentence (i.e., § 3582(c)(2)), all fall within the terms of the waiver.

The waiver included one exception: it did not prohibit a § 2255 motion asserting certain claims of ineffective assistance of counsel (as outlined in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)). But the exception does not apply, because defendant does not allege that his attorney was ineffective and offers no facts from which such a finding could be made. Defendant's claims are therefore within the scope of the waiver.

The court notes that the Sentencing Commission amended § 2G2 of the guidelines in 2016 to resolve various circuit conflicts concerning the state of mind and acts required to apply guideline enhancements pertaining to distribution of child pornography. *See U.S. Sentencing Guidelines Manual 2016, Supplement to App. C, Amendment 801* (effective Nov. 1, 2016). But Amendment 801 was not designated as retroactive by the Sentencing Commission. *See* USSG § 1B1.10. As such, the court has no

authority to reduce defendant's sentence based on Amendment 801, because doing so would not be consistent with the Sentencing Commission's policy statements. *See United States v. Ray*, 2017 WL 1096832, *2 (D. Kan. Mar. 20, 2017); *United States v. Schmutzler*, 2017 WL 1406818, *3 (M.D. Pa. Apr. 20, 2017). Moreover, for the reasons stated above, any argument that the sentence should be reduced because of a subsequently reduced guideline falls within the express terms of defendant's waiver.

*Knowing and voluntary waiver*. The record shows the defendant knowingly and voluntarily entered the plea and waived his right to collateral attack. Defendant is a high school graduate who was represented by an experienced attorney in connection with his plea and sentencing. He represented to the court that he fully understood the charges, that his lawyer had adequately counseled him, and that he understood his rights. The terms of the plea agreement stated clearly that defendant was giving up his right to collaterally attack the sentence in a § 2255 motion or a motion under § 3582(c)(2). The record indicates that the court reviewed these matters with defendant at a Rule 11 hearing and accepted his plea after finding that he was mentally competent, that he made his plea freely and voluntarily, and that he was guilty as charged. Dkt. 19 at 13. Defendant's motion offers no facts to suggest he did not enter the plea or the waiver knowingly and voluntarily.

*Miscarriage of justice*. A miscarriage of justice may be found if: 1) the district court relied on an impermissible factor such as race; 2) there was ineffective assistance of counsel in connection with the negotiation of the waiver; 3) the sentence exceeds the statutory maximum; or 4) the waiver is otherwise unlawful. *United States v. Sandoval*,

4

477 F.3d 1204, 1208 (10th Cir. 2007) (*quoting United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir. 2005)). There is nothing in defendant's § 2255 motion or in the record to suggest that enforcement of the waiver in this case would result in a miscarriage of justice.

**IT IS THEREFORE ORDERED** this 24th day of April, 2017, that the Government's Motion to Enforce the Plea Agreement Waiver (Dkt. 59) is GRANTED, and defendant's Motion to Vacate Sentence under § 2255 (Dkt. 58) is DISMISSED.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because defendant fails to satisfy the applicable standard, the court denies a certificate of appealability.

                                                                                       ___s/ J. Thomas Marten_____
                                                                                       J. THOMAS MARTEN, JUDGE