IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Crim. Case No. 6:04-cr-10244-JTM-1
                                       Civil Case No. 6:17-cv-01105-JTM

PETER PAUL AMAN,

    Defendant.

**MEMORANDUM AND ORDER**

In January of 2017, defendant Peter Aman filed a motion under 28 U.S.C. § 2255, challenging the 180-month sentence imposed on him in 2005. Dkt. 58. The court dismissed the motion on April 24, 2017, finding it was barred by a waiver of collateral attack in defendant's plea agreement. Dkt. 60. Approximately two weeks later, defendant submitted a letter to the court in which he alleged, for the first time, that his attorney had provided ineffective assistance of counsel in connection with the waiver. Dkt. 61. The court directed the clerk to file the letter as a § 2255 motion, which resulted in the opening of a new civil case, No. 17-1105, which is currently before the court.

One day after the filing of the letter (Dkt. 61), the clerk received a copy of defendant's "Request for Certificate of Appealability" from the Tenth Circuit. The clerk was directed by the circuit to file the document as a notice of appeal of the court's dismissal of the first § 2255. Dkt. 62. A copy of defendant's letter (Dkt. 61) was attached as part of the notice of appeal.

Because defendant's letter constitutes a second § 2255, this court has no jurisdiction to consider it absent certification by the Tenth Circuit. 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2009) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization."). Moreover, the court finds that a transfer of the motion to the Tenth Circuit would not be in the interest of justice, given that the motion does not appear to be based on new evidence or a new rule of constitutional law.

**IT IS THEREFORE ORDERED** this 15th day of May, 2017, that defendant's letter dated April 30, 2017, which the court construes as a second Motion to Vacate under § 2255 (Dkt. 61), is DISMISSED for lack of jurisdiction.

    ___s/ J. Thomas Marten_____
    J. THOMAS MARTEN, JUDGE