## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

VS.                                    Case No. 04-10244-1-JTM

PETER PAUL AMAN,

        Defendant.

### MEMORANDUM AND ORDER

Defendant Peter Paul Aman, appearing *pro se*, moves this court to produce all related documentation, records, filings, transcripts, and findings associated with the grand jury indictment for his criminal case, which transpired between February and November 2004. (Dkt. 66). Aman requests this production also include all stenograph records, including contract and findings. *Id*. Aman's motion for the grand jury indictment is DENIED for the reasons set out below.

"Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 n.9 (1979). "The rule of grand jury secrecy was imported into our federal common law and is an integral part of our criminal justice system." *Id*. Grand jury secrecy is regarded as necessary to the proper functioning of the grand jury. *Id*. As a result, federal courts have a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Warren*, 747 F.2d 1339, 1347 (10th Cir. 1984).

"Almost uniformly, the federal courts have interpreted the requirement of particularized need literally, and rejected a blanket approach to the determination." *In re Special Grand Jury*

*89-2*, 143 F.3d 565, 570 (10th Cir. 1998). "The secrecy of the grand jury proceedings is extremely important[;]" thus, a request for production must be limited to only necessary material to avoid injustice. *United States v. Molina*, No. 09-40041-01-10-RDR, 2010 WL 2346393, at *10 (D. Kan. June 9, 2010) (rejecting application for transcripts of all grand jury witnesses, including unindicted co-conspirators).

As a result, "[t]he prerequisites for disclosure of grand jury materials are demanding." *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997) (citations omitted). Mere relevance is insufficient, *United States v. Rising*, 867 F.2d 1255, 1260 (10th Cir. 1989), and "secrecy will not be broken absent a compelling necessity for materials." *Grand Jury 95-1*, 118 F.3d at 1437. (citations omitted). Thus, a request to go fishing for useful material will not suffice. *Id.*; s*ee also Cullen v. Margiotta*, 811 F.2d 698, 715 (2nd Cir.) *cert. denied*, 483 U.S. 1021 (1987) ("Requests for wholesale disclosures should generally be denied.").

Aman's motion for grand jury transcripts states an accompanying memorandum of law entitling him to the requested records shall be included with his motion. (Dkt. 66). Aman has yet to file this memorandum despite filing the motion on June 28, 2017. *Id*. Without this memorandum or other supporting documents describing why these materials satisfy the prerequisites for disclosing grand jury materials, the court is unable to evaluate how granting this motion would avoid injustice. Accordingly, Aman's motion for grand jury transcripts is denied without prejudice to refiling upon a proper showing.

IT IS SO ORDERED on the 17th day of July, 2017.

\_\_\_\_s/ J. Thomas Marten\_\_\_\_\_
J. THOMAS MARTEN, JUDGE