# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 04-10244-1-JTM

PETER PAUL AMAN,

    Defendant.

## MEMORANDUM AND ORDER

Defendant Peter Paul Aman filed a pro se motion for reconsideration and memorandum in support of his request for grand jury transcripts. (Dkt. 68). The court previously denied defendant's motion without prejudice because he noted that a supporting memorandum of law would be filed showing why granting his request was necessary to avoid injustice; but no such memorandum was filed. Defendant has now filed his memorandum in support, and claims that grand jury transcripts and records are necessary because certain allegations presented to the grand jury were "false, misleading, unsupported, unwarranted, and fully and completely fraudulent," thus rendering the grand jury proceedings questionable, or even non-existent. (Dkt. 68, at 2). Defendant asserts that he is being held against his will, without evidence, and under false pretenses. Defendant further claims that he is innocent, and asserts that foundational facts exist to support a defense of actual innocence based upon corrupt and fraudulent evidence presented to the grand jury. He argues that there is no need

for secrecy because the records relate to defendant's case and there are no accusers, victims, informants, or other bases to require secrecy. Defendant also states that grounds exist to believe defendant might not have pleaded guilty.

Under Fed. R. Crim. P. 6(e)(3)(E), the court may authorize disclosure of a grand-jury matter in connection with a judicial proceeding or at the defendant's request who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Defendant bears the burden to demonstrate a "particularized need" sufficient to outweigh the policy of secrecy. *See United States v. Molina*, No. 09-40041-01-10-RDR, 2010 WL 2346393, at *10 (D. Kan. June 9, 2010) (citing *Douglas Oil Co. Of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223, (1979) and *Dennis v. United States*, 384 U.S. 855, 870 (1966)).

Defendant broadly requests "all . . . records, transcripts, filings, exhibits, and other related evidence presented before the grand jury . . . ." (Dkt. 68, at 2). Defendant did not identify a specific false statement made or document used during the grand jury process to support his allegations. Therefore, defendant has not met the demanding prerequisites for disclosure of the grand jury materials. *See Molina*, 2010 WL 2346393 at *10 (rejecting application for transcripts of all grand jury witnesses, including unindicted co-conspirators). Defendant must structure his request to cover only materials needed to avoid injustice, but he has failed to do so. *In re Grand Jury*, 118 F.3d 1433, 1437 (10th Cir. 1997) (the request must be more than mere permission to engage in a fishing expedition).

IT IS THEREFORE ORDERED this 11th day of September, 2017, that defendant's motion for reconsideration of his request for grand jury transcripts and documents (Dkt. 68) is DENIED.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE