# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                      Case No. 04-10244-1-JTM

PETER PAUL AMAN,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on defendant Peter Paul Aman's second pro se motion for reconsideration of his request for grand jury transcripts and documents (Dkt. 71). Defendant also filed a petition to compel law enforcement to respond and release records from his criminal case (Dkt. 73).

### I.     Grand Jury Transcripts

Under Fed. R. Crim. P. 6(e)(3)(E), the court may authorize disclosure of a grand-jury matter in connection with a judicial proceeding or at the defendant's request who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Defendant bears the burden to demonstrate a "particularized need" sufficient to outweigh the policy of secrecy. *See United States v. Molina*, No. 09-40041-01-10-RDR, 2010 WL 2346393, at *10 (D. Kan. June 9, 2010) (citing *Douglas Oil Co. Of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223, (1979) and *Dennis v. United States*, 384 U.S. 855, 870 (1966)).

In his present motion, defendant references two documents that defendant asserts are FBI documents showing two different dates for his grand jury indictment. In an attached letter dated September 28, 2017, defendant claims that no grand jury convened.

The court has reviewed the two attached documents and the Indictment filed in defendant's case. (Dkt. 1). The Indictment was signed on November 16, 2004, by the Foreperson of the grand jury and returned in open court on November 17, 2017. All three documents indicate the indictment was issued on November 16 and/or 17, 2004, and any discrepancy between the dates does not support a finding of fraud or misrepresentation. The fact that the attached documents references both November dates accurately reflect what occurred in defendant's case. The May 17, 2005 date referenced by defendant is the day the seized computer was appraised, not when defendant was indicted. (Dkt. 71, at 3). The court finds that no injustice has occurred and denies defendant's request for grand jury transcripts and documents.

**II. Defendant's Records**

Defendant requests the court to order the United States Marshals Service and Harvey County Sheriff's Office to provide defendant all records, documentation, transcripts, arrest orders, indictment, custody files, and the like as they relate to defendant and his case. Defendant cites no authority nor has he shown a particularized need for such records. Defendant's request is denied.

IT IS THEREFORE ORDERED this 3rd day of November, 2017, that defendant's pro se motion for reconsideration of his request for grand jury transcripts and

documents (Dkt. 71) and petition to compel law enforcement to respond and release records (Dkt. 73) are DENIED.

___s/ J. Thomas Marten_____  
J. THOMAS MARTEN, JUDGE